IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JOHN L. STINSON, JR., SHARIKA HORTON, NATHANIEL RAY JOHNSON, HELEN MARIE SCHLUETER,** individually and behalf of other similarly situated individuals,<br><br>Plaintiff**,**<br><br>vs**.**<br><br>**LOCKHEED MARTIN CORPORATION,**<br><br>Defendant**.** | CIVIL ACTION FILE NO.:<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs John L. Stinson, Jr., Sharika Horton, Nathaniel Ray Johnson, Helen Marie Schlueter, file this collective action complaint against Defendant Lockheed Martin Corporation ("Lockheed Martin") seeking all relief available under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") on behalf of themselves and all current and former non-exempt employees of Defendant Lockheed Martin whom are similarly situated to them, as described below. This includes other firefighters and other non-exempt workers who were instructed to work similarly to Plaintiffs ("Private Firefighters Collective"). This action is brought to recover unpaid overtime pursuant to the FLSA. The following allegations are based on personal

1

knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## **INTRODUCTION**

Lockheed Martin is a private for-profit entity that maintains a fire department for use at its facility in Marietta, Georgia. Section 7(k) of the FLSA establishes a different overtime standard for FLSA non-exempt fire protection employees. Section 7(k), however, only applies to employers that are a "public agency." 29 U.S.C.A. § 207 (k). Public agency is defined, in section 3(x) of the Fair Labor Standards Act, as follows:

> "Public agency" means the Government of the United States; the government of a State or political subdivision thereof; any agency of the United States (including the United States Postal Service and Postal Rate Commission), a State, or a political subdivision of a State; or any interstate governmental agency.

29 U.S.C. § 203(x). The implementing regulations plainly state, "The application of…7(k), … is limited to public agencies, and does not apply to any private organization engaged in furnishing fire protection or law enforcement services. **This is so even if the services are provided under contract with a public agency**." 29 C.F.R. § 553.202 (emphasis added).

Despite Section 7(k) unambiguously not applying, Lockheed Martin does not pay its private firefighters an overtime premium for all hours worked in excess of forty hours each work week.

## THE PARTIES

1. Plaintiff Sharika Horton resides in Powder Springs, Georgia.

2. Plaintiff Nathaniel Ray Johnson resides in Powder Springs, Georgia.

3. Plaintiff Helen Marie Schlueter resides in Atlanta, Georgia.

4. Plaintiff John L. Stinson, Jr. resides in Atlanta, Georgia.

5. Throughout their many years of employment with Defendant Lockheed Martin, Plaintiffs were regularly scheduled to work more than forty hours a week. Under their typical schedule, Plaintiffs work a three-week rotating scheduling. In this three-week rotation, Plaintiffs work forty eight-hours (48) a week for two weeks and then work a seventy-two hour (72) week on the third week.

6. Defendant Lockheed Martin is a Maryland for-profit corporation with its principal place of business located at 6801 Rockledge Drive, Bethesda, Maryland and its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

7. At all relevant times, Defendant Lockheed Martin employed or acted in the interest of an employer towards Plaintiffs and other similarly situated employees and, among other things, maintained control, oversight and direction over Plaintiffs and other similarly situated employees, including with respect to timekeeping, payroll and other employment practices that applied to them.

8. On information and belief, Defendant Lockheed Martin applies the same employment policies, practices, and procedures to its similarly situated firefighters nationwide.

9. Defendant Lockheed Martin is a covered employer within the meaning of the FLSA because, among other things, it employs individuals, including Plaintiffs, who are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

10. At all relevant time, Defendant Lockheed Martin has had gross revenues exceeding $500,000.00.

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

12. This Court has personal jurisdiction over Defendant Lockheed Martin because it does business in Georgia and in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claims in this Collective Action Complaint occurred within this District and because Lockheed Martin resides in this District.

## FACTUAL ALLEGATIONS

**A. Plaintiffs' regularly work in excess of forty hours per week.**

14.     In February 2003, Defendant hired Plaintiff Sharika Horton to work as a full-time firefighter at Defendant's Marietta campus. Plaintiff Horton is presently a lieutenant firefighter and remains employed with Defendant presently.

15.     On February 2, 2004, Defendant hired Plaintiff Nathaniel Ray Johnson to work as a full-time firefighter at Defendant's Marietta campus. Plaintiff Nathaniel Ray Johnson remains employed with Defendant presently.

16.     On August 4, 2004, Defendant hired Plaintiff Helen Marie Schlueter to work as a full-time firefighter at Defendant's Marietta campus. Plaintiff Helen Marie Schlueter remains employed with Defendant presently as a firefighter/paramedic.

17.     On July 16, 2007, Defendant hired Plaintiff John L. Stinson, Jr. to work as a full-time firefighter at Defendant's Marietta campus. Plaintiff John L. Stinson, Jr. remains employed with Defendant presently.

18.     Plaintiffs report to Willie E. Parker, the fire chief, and James Hendricks, the assistant chief.

19.     Throughout their employment, Defendant Lockheed Martin regularly required that Plaintiffs work more than forty hours per week. Plaintiffs work what is referred to as a 24-48 schedule. This means that Plaintiffs work a fixed schedule where they work for twenty-four hours straight and then have forty-eight hours off.

20. Lockheed Martin's work week runs from Saturday to Friday.

21. Plaintiffs' 24-48 schedule and Lockheed Martin's work week creates a situation where the number of hours worked per week by Plaintiffs follows a fixed, three-week rotation: two weeks of working forty-eight hours a week and a third week working seventy-two hours. An example of this fixed, rotation is illustrated in the following chart:

|  | Sat. | Sun. | Mon. | Tues. | Wed. | Thur. | Fri. |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Week One | X |  |  | X |  |  | X |
| Week Two |  |  | X |  |  | X |  |
| Week Three |  | X |  |  | X |  |  |

22. Lockheed Martin does not pay Plaintiffs' overtime for hours 40-48 worked each week.

23. On weeks when Plaintiffs work two shifts totaling forty-eight hours, Plaintiffs do not receive a one and one-half time overtime premium for the hours worked in excess of forty.

24. On weeks when Plaintiffs work three shifts, Lockheed Martin pays Plaintiffs an overtime premium for hours worked in excess of forty-eight, but still does not pay Plaintiffs a one and one-half time overtime premium for hours forty to forty-eight.

6

25. Lockheed Martin pays the Plaintiffs on an hourly basis. Plaintiffs do not receive a fixed salary. Instead, by virtue of being hourly, Plaintiffs weekly payment varies with the number of hours worked in the workweek.

26. Given the hourly relationship, Plaintiffs and Lockheed Martin do not have a clear and mutual understanding that a fixed salary covers all hours worked in a week.

27. No agreement between Lockheed Martin and Plaintiffs exists excluding sleep time from Plaintiffs' hours worked.

28. Plaintiffs often work through meal times and no agreement exists excluding meal time from hours worked.

29. During on-call time, Plaintiffs remain under Lockheed Martin's control and are unable to leave the Marietta campus. The one exception to when Lockheed permits Plaintiffs to leave the Marietta campus during their shift is for an annual physical exam. Lockheed Martin requires that Plaintiffs attend this physical examination.

30. There is no agreement between Plaintiffs and Lockheed Martin allowing Plaintiffs to receive comp time for overtime, nor has Lockheed Martin provided Plaintiffs with comp time for overtime hours worked.

**B. Lockheed Martin is not a Public Agency.**

31. Lockheed Martin is a for profit corporation.

32. Upon information and belief, Lockheed Martin's fire department is not funded exclusively by the proceeds of a millage tax imposed by the locality's residents.

33. Upon information and belief, Lockheed Martin's fire department is not required to submit annual financial reports to the financial director of the local government detailing how all public funds received by it were disbursed.

34. Upon information and belief, Lockheed Martin's fire department is not required to submit to the local government its annual budget for fire protection services one year in advance, so that the local government may budget for these costs.

35. Upon information and belief, Lockheed Martin has no contract that specifically provides that governing authority of the fire department is the local government.

36. Upon information and belief, Lockheed Martin has no contractual obligation to comply with all reasonable recommendations of the local government.

37. Upon information and belief, no government has contractual authority to have ultimate power and authority over Lockheed Martin's fire department.

## COUNT I: FLSA COLLECTIVE ACTION ALLEGATIONS

### A. Failure to Pay Overtime.

38. Plaintiffs bring the FLSA cause of action, 29 U.S.C. § 216(b), on behalf of themselves and the Private Firefighters Collective.

39. At all relevant times, Plaintiffs and the members of the putative Private Firefighters Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

40. Defendant Lockheed Martin employed Plaintiffs and the members of the putative Private Firefighters Collective and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

41. At all relevant times, Plaintiffs and the members of the putative Private Firefighters Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

42. Defendant Lockheed Martin has failed to pay Plaintiffs and the members of the putative Private Firefighters Collective for all overtime compensation to which they are entitled under the FLSA.

43. Defendant Lockheed Martin knew or should have known that Plaintiffs and the members of the putative Private Firefighters Collective were working hours in excess of forty a week for which they were not compensated.

44. Defendant Lockheed Martin is liable under the FLSA for, among other things, failing to properly compensate Plaintiffs and the members of the putative Private Firefighters Collective.

45. Consistent with Defendant's policy and pattern or practice, Plaintiffs and the members of the putative Private Firefighters Collective were not paid overtime compensation for all hours worked beyond forty hours in a workweek.

46. All of the work that Plaintiffs and the members of the putative Private Firefighters Collective performed has been assigned by Defendant Lockheed Martin, and/or Defendant was aware of such work.

47. As part of its regular business practice, Defendant Lockheed Martin intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of the putative Private Firefighters Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay Plaintiffs and the members of the putative Private Firefighters Collective premium overtime wages for hours that they worked in excess of forty (40) hours per workweek.

48. Defendant Lockheed Martin is aware or should have been aware that federal law required them to pay Plaintiffs and the members of the putative Private Firefighters Collective overtime compensation for all hour worked in excess of forty in a workweek.

49. Plaintiffs and the members of the putative Private Firefighters Collective perform or performed the same primary duties; were all supervised by the same chief fireman and assistant chief fireman; all have the same employer; and all worked a similarly structured scheduled.

50. Defendant's unlawful conduct has been widespread, repeated, and consistent.

**PRAYER FOR RELIEF WHEREFORE**, Plaintiffs, individually and on behalf of the members of the putative Private Firefighters Collective, pray for the following relief:

1. Designation of this action as an FLSA collective action on behalf of Plaintiffs and the members of the putative Private Firefighters Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Private Firefighters Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

2. An award of unpaid overtime compensation for all hours worked in excess of forty in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA using the following common methodology for calculating damages: (Weekly Salary ÷ 50) x Total Number of Overtime Hours Worked x 1.5;

3. An award of liquidated damages under the FLSA as a result of Defendant's willful failure to pay for all hours worked in excess of forty in a workweek at a rate of time and one-half of the regular rate of pay;

4. An award of damages representing Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

5. An award of pre-judgment and post-judgment interest, where applicable;

6. An award of costs and expenses of this action, together with reasonable attorneys' and expert fees to Plaintiffs' counsel pursuant to the FLSA;

7. An injunction requiring Defendant to cease its practice of violating the FLSA in the future;

8. Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful and/or willful under the FLSA; and

9. Such other and further relief as this Court deems just and proper.

**Jury Trial Demanded**

Respectfully submitted, this 6th day of April, 2022.

/s/ Douglas Kertscher
Douglas R. Kertscher
Georgia Bar No. 416265
Julie H. Burke
Georgia Bar No. 448095

Hill, Kertscher & Wharton, LLP
3625 Cumberland Blvd.
Suite 1050
Atlanta, GA 30339

770-953-0995 (ph.)
770-953-1358 (fax)
drk@hkw-law.com
jb@hkw-law.com